IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERCON CONSTRUCTION, INC., | : : : | |
| | : | Civil Action No. 4: 07-CV-1360 |
| Plaintiff, | : : | |
| v. | : : | |
| | : | (Judge McClure) |
| THE WILLIAMSPORT MUNICIPAL WATER AUTHORITY, | : : : : : | |
| Defendant. | : | |
| _____ | : : | |
| THE WILLIAMSPORT MUNICIPAL WATER AUTHORITY, | : : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| SAFECO INSURANCE COMPANY OF AMERICA, | : : : | |
| Third-Party Defendant. | : : | |

**O R D E R**

January 28, 2008

**BACKGROUND:**

On July 26, 2007, plaintiff Intercon Construction, Inc. ("Intercon") filed its complaint for damages against the Williamsport Municipal Water Authority (the "Authority"). The complaint arises out of a contract in which Intercon would construct a water line under the Susquehanna River in Williamsport, Pennsylvania for the Authority. Safeco Insurance Company of America ("Safeco") provided the performance bond on the contract. In its complaint, Intercon alleges that the Authority breached the contract.

On November 5, 2007, the Authority filed an answer to the complaint with a counterclaim against Intercon for breach of contract. (Rec. Doc. No. 6.) On November 20, 2007, the Authority filed a third-party complaint against Safeco. (Rec. Doc. No. 9.) Count I of the third-party complaint alleges breach of contract under the performance bond while Count II alleges a claim of bad faith under Pennsylvania's bad faith insurance statute, 42 Pa. C.S.A. § 8371.

On December 19, 2007, Safeco filed a partial motion to dismiss. (Rec. Doc. No. 20.) Opposing and reply briefs have been filed and the motion is ripe for disposition. Now, for the following reasons, the court will grant the motion.

**DISCUSSION:**

## I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In ruling on a motion to dismiss the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1994).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the

non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

### III.  Analysis

In Count II of its third-party complaint, the Authority alleges that Safeco violated Pennsylvania's bad faith insurance statute in the manner in which it investigated and denied the Authority's coverage under the performance bond. (Rec. Doc. No. 9, ¶ 46.)  The Authority also alleges that Safeco acted in bad faith by withholding certain information from the Authority while encouraging it to reach an assignment agreement with Carson & Roberts, a drilling contractor who placed a bid for completion of the contract.  (Id. ¶ 47.)

In its partial motion to dismiss, Safeco argues that Pennsylvania's bad faith insurance statute does not apply to a surety bond because a surety bond is simply not an insurance policy.  (Rec. Doc. No. 21, at 5.)  Pennsylvania's bad faith insurance statute states that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

>    (2)  Award punitive damages against the insurer.

>    (3)  Assess court costs and attorney fees against the insurer.

42 Pa. C.S.A. § 8371 (emphasis added). Thus, the critical question is whether a surety bond may be considered "an insurance policy" for the purposes of § 8371.

While there does not appear to be any Third Circuit, Pennsylvania Supreme Court, or Pennsylvania Superior Court case law on the issue, we note that both parties have cited numerous federal district court and Pennsylvania state court decisions on the issue which appear to have reached opposite conclusions. For the reasons we will explain, we agree with those cases which have reached the conclusion that the provider of a surety bond cannot be held liable under § 8371.

In <u>Superior Precast, Inc. v. Safeco Ins. Co. of America</u>, the district court concluded that a surety bond was not an insurance policy subject to § 8371, noting numerous differences between surety bonds and insurance policies. 71 F.Supp.2d 438, 451-54 (E.D.Pa. 1998) (Giles, C.J.) Specifically, the court found that "insurance is an agreement by which one undertakes for a consideration to pay money to another on the death, destruction, loss, or injury of someone or something [while] a contract of suretyship is one to answer for the debt, default, or miscarriage of another." <u>Id.</u> at 451 (citation omitted). Furthermore, the court noted that in an insurance policy, the insurer and insured share a direct contractual

relationship and there exists the idea of prompt compensation for loss or damage upon proof of a claim.  Id.  Thus, damages for bad faith failure to compensate would be consistent with such a relationship.  Id.  On the other hand, a surety does not have a direct contractual relationship with a party such as the Authority and has simply agreed to answer for Intercon's debts to the extent it fails to answer for them itself.  Id.

Several other courts have also held that § 8371 does not apply to a surety bond.  Allegheny Valley Joint Sewage Authority v. The American Ins. Co., Civ. No. 94-2105, 1995 WL 1944748, at * 3-4 (W.D.Pa. Aug. 17, 1995) (Ziegler, C.J.) (concluding that surety bonds were different from insurance policies and therefore if the Pennsylvania legislature had intended § 8371 to apply to surety bonds, it would have done so expressly); Norwood Co. v. RLI Ins. Co., Civ. No. 01-6153, 2002 WL 485694, at * (E.D.Pa. Apr. 1, 2002) (Reed Jr., J.) ("I conclude that the plain language of § 8371 indicates that a statutory bad faith claim may not be asserted against a surety under Pennsylvania law.); Pullman Power Products Corp. v. Fidelity and Guar. Ins. Co., Civ. No. 96-636, 1997 WL 33425288, at * 4 (W.D.Pa. Feb. 21, 1997) (Cindrich, J.) (stating that "Section 8371 is plain and unambiguous on its face in that it applies to insurance policies only.  The ordinary meaning of insurance policies does not include surety bonds.").

Furthermore, we find the cases cited by the Authority to be unpersuasive. Although the court implicitly held in Turner Construction Co. v. First Indemnity of America Ins. Co. that a surety could be held liable for bad faith under § 8371, it does not appear that the surety raised the issue and the court therefore had no reason to explicitly question whether a surety could be held liable under § 8371. 829 F.Supp. 752, 763 (E.D.Pa. 1993) (Dalzell, J.). In other words, because the surety failed to raise the issue, the district court did not conduct the detailed analysis that was conducted in the other cases we have cited. Similarly, in Reading Tube Corp. v. Employers Ins. of Wassau, the surety again failed to argue that it could not be held liable under § 8371. 944 F.Supp. 398, 403 (E.D.Pa. 1996) (Joyner, J.). Although the court cited Turner for the proposition that courts have extended § 8371 to surety bonds, the court again did not conduct a detailed analysis of the issue. Id. Finally, the Authority has cited Nazarewyca v. Plumb-Town, Inc., Civ. No. 94-3828, 1995 WL 549052 (E.D.Pa. Sept. 13, 1995) (McGirr Kelly, J.) and Pennsy Supply Inc. v. Mountbatten Surety Co. Inc., 1997 WL 1108323 (Pa.Com.Pl. July 17, 1997), both of which are the same situation as Turner and Reading Tube. The surety in both cases failed to argue that it could not be held liable under § 8371 and both courts therefore did not conduct a detailed analysis of the issue.

We agree with the sound reasoning of each of the district courts that conducted a thorough analysis of the issue and concluded that a surety cannot be held liable for bad faith under § 8371.  In interpreting § 8371, our primary consideration is the intent of the Pennsylvania legislature.  See Allegheny Valley, 1995 WL 1944748, at * 2.  Due to the numerous differences between insurance policies and surety bonds which we have discussed, we conclude that had the Pennsylvania legislature intended § 8371 to apply to a surety bond, it would have done so explicitly.  Therefore we will grant Safeco's partial motion to dismiss and will dismiss Count II of the Authority's third-party complaint.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Safeco's Partial Motion to Dismiss is GRANTED.  (Rec. Doc. No. 20.)

2. Count II of the Authority's third-party complaint against Safeco is DISMISSED for failure to state a claim upon which relief may be granted.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge